Case 4:16-cv-00995   Document 40   Filed in TXSD on 11/29/16   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
November 29, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| FREDRIC A GUENTHER, *et al*, § § Plaintiffs, § VS. § BP RETIREMENT ACCUMULATION PLAN, § *et al*, § § Defendants. § | CIVIL ACTION NO. 4:16-CV-995 |

## ORDER AND OPINION

Before the Court is Plaintiffs' Motion to Strike Unauthenticated and Inadmissible Exhibits Submitted by Defendants in Support of their Motion to Dismiss. (Document No. 19). Defendants have filed a Response (Document No. 29) and the Declaration of Clifford York. (Document No. 30). Having considered these documents and the relevant law, the Court finds that Plaintiffs' Motion (Document No. 19) will be denied.

The Defendants in this case have submitted a Motion to Dismiss (Document No. 15), to which they attached Exhibits A-H. Although Plaintiffs admit that Exhibits E-H are documents which the Court may judicially notice, Plaintiffs argue that Exhibits A-D are not properly authenticated. (Document No. 19 at 3). However, along with their Response, Defendants have filed the Declaration of Clifford York, which authenticates Exhibits A-C. (Document No. 30). Therefore Plaintiffs' argument as to the improper authentication of Exhibits A-C fails. *See, e.g.*, *Carrigan v. Live Oak Nursing Ctr.*, LLC, 2015 WL 6692199, at *2 (S.D. Tex. 2015). Furthermore, Exhibit D is "Data Showing the 30-Year Treasury Bill Interest Rate on or about January 1, 1989." (Document No. 15-4). This historical interest rate data may be judicially noticed under Fed. R. Evid. 201(b), as a fact which "can be accurately and readily determined

from sources whose accuracy cannot reasonably be questioned."

Next Plaintiffs argue that Exhibit B should also be stricken because it is undated, "is an alternative factual argument requiring the Court to conduct factual analysis," and does not address the claims of Plaintiff Fujimoto. (Document No. 19 at 4). Plaintiffs also add that Exhibit B is not the correspondence referenced in their Complaint. *Id*. at n. 12. First, the Declaration of Clifford York provides the date of Exhibit B: "on or about June 1989." (Document No. 30 at 2). Second, Exhibit B is admissible because it is a communication with a plan participant. Plaintiffs make several allegations throughout their Complaint that BP made false and misleading statements in their communications with plan participants. (Document No. 1). Exhibit B can be "considered part of the pleadings," because it is one of the communications "referred to in the plaintiffs' complaint" and is "central" to Guenther's claims. *Burgos v. Grp. & Pension Administrators, Inc.*, 286 F. Supp. 2d 812, 815 (S.D. Tex. 2003). Although Exhibit B may not be the one of the specific communications quoted in the Complaint, it remains relevant as one of the many communications on which Plaintiffs base their claims. *See R2 Investments v. Phillips*, No. CIV.A. 302CV0323N, 2003 WL 22862762, at *4 (N.D. Tex. Dec. 3, 2003) ("When portions of a statement are discussed in a complaint, the court can consider the statement in its entirety when deciding a motion to dismiss."). Finally, to the extent Exhibit B is not relevant to Fujimoto, the Court can consider it only as it relates to Guenther. Therefore all of Plaintiffs' arguments fail, and Exhibit B will not be stricken.

Finally Plaintiffs argue that a Houston Chronicle Article cited in Defendants' Motion to Dismiss should be stricken. (Document No. 15 at 1). The article is merely included in the background section of the Motion to Dismiss, however, and is not provided for any reason other than to provide context. Striking this quotation is unnecessary, as it is not provided as evidence.

Although Plaintiffs complain that the "sole purpose of the improper quotation is to argue factual issues," the Court disagrees, and will consider it only as background.

For the foregoing reasons, the Court hereby

ORDERS that Plaintiffs' Motion (Document No. 19) is DENIED.

SIGNED at Houston, Texas, this 29th day of November, 2016.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE