United States District Court
Southern District of Texas
**ENTERED**
March 31, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FREDRIC A. GUENTHER, ET AL., | § | |
| | § | |
| Plaintiffs. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:16-CV-00995 |
| | § | |
| BP RETIREMENT | § | |
| ACCUMULATION PLAN, ET AL., | § | |
| | § | |
| Defendants. | § | |

**ORDER ADOPTING MAGISTRATE JUDGE'S
MEMORANDUM AND RECOMMENDATION**

On January 8, 2021, Plaintiffs' Motion for Class Certification and Appointment of Class Counsel. (Dkt. 191) was referred to United States Magistrate Judge Andrew M. Edison under 28 U.S.C. § 636(b)(1)(B). Dkt. 236. On March 12, 2021, Judge Edison filed a Memorandum and Recommendation (Dkt. 267) recommending that Plaintiffs' Motion for Class Certification and Appointment of Class Counsel. (Dkt. 191) be **GRANTED.**

On March 26, 2021, Defendants filed their Objections. In accordance with 28 U.S.C. § 636(b)(1)(C), this Court is required to "make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection [has been] made." After conducting this de novo review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*; *see also* FED. R. CIV. P. 72(b)(3).

The Court has carefully considered the Objections; the Memorandum and Recommendation; the pleadings; and the record. The Court **ACCEPTS** Judge Edison's


Memorandum and Recommendation and **ADOPTS** it as the opinion of the Court. It is therefore **ORDERED** that:

(1) Judge Edison's Memorandum and Recommendation (Dkt. 267) is **APPROVED AND ADOPTED** in its entirety as the holding of the Court; and

(2) Plaintiffs' Motion for Class Certification and Appointment of Class Counsel. (Dkt. 191) is **GRANTED**; and

(3) The following class and subclass is **CERTIFIED** under Rule 23(b)(2):

**General Class:** All persons under age 50 as of January 1, 1989 who were active participants in the BP America Retirement Accumulation Plan as of January 1, 1989, and whose retirement benefit under the BP America Inc. Retirement Plan (ARP) exceeds the retirement benefit offered (or that will be offered) by the BP America Retirement Accumulation Plan (RAP), as amended on the benefit commencement date, and the beneficiaries and estates of such persons and alternate payees under a Qualified Domestic Relations Order.

**Subclass:** All persons under age 50 as of January 1, 1989, and who were active participants in the BP America Retirement Accumulation Plan as of January 1, 1989, and whose retirement benefit under the BP America Inc. Retirement Plan (ARP) exceeds the retirement benefit offered (or that will be offered) by the BP America Retirement Accumulation Plan (RAP), as amended on the benefit commencement date, and the beneficiaries and estates of such persons and alternate payees under a Qualified Domestic Relations Order who signed a release upon separation of employment. This class is a subset of the first class.

It is so **ORDERED**.

SIGNED and ENTERED this 31st day of March 2021.

_George C. Hanks Jr._
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE